UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:06-CR-00001-F
No. 2:12-CV-00003-F

| | |
|---|---|
| KENDRICK BAHAM,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | ORDER |

This matter is before the court on the *pro se* motion [DE-60] filed by petitioner Kendrick Baham to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Baham seeks to have his sentence reduced pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Federal Public Defender was appointed to represent Baham in that regard, *see* [DE-54], but later was permitted to withdraw, *see* [DE-59].

Baham is serving a 60-month sentence upon his straight-up plea of guilty to a charge of escape, in violation of 18 U.S.C. § 751(a). *See* Amended Judgment [DE-41]. The sentence, which runs consecutively to the sentence he already was serving, resulted from an upward variance from the advisory United States Sentencing Guideline ("USSG") range. The 60-month consecutive sentence ultimately was affirmed on appeal after remand. *See* [DE-49].

Baham contends that his prior criminal record does not qualify him for career offender status because the Probation Officer did not identify two qualifying predicate convictions constituting "violent felonies" as that term has been re-interpreted by the Fourth Circuit Court of Appeals in *Simmons*. Furthermore, he contends he is entitled to relief because, in a letter to him,

---

[1] Baham also has filed similar motions, *see* [DE-53] and [DE-57], raising the same claim for relief. Baham's motion for § 2255 relief is deemed to have been filed on January 19, 2012. *See* Order [DE-54].

his appointed counsel incorrectly identified the paragraph numbers in the Presentence Report (PSR) corresponding to the prior convictions used as predicates for career offender status. Even if his § 2255 motion could be deemed to have been timely filed, Baham is not entitled to relief from his sentence.

Contrary to his belief, Baham's career offender status was based on the convictions reflected in *paragraphs 10 and 14* of his final PSR.[2] The conviction listed in paragraph 10 was for a 1994 North Carolina common law robbery, for which he was sentenced to 10 years imprisonment, suspended. The suspended sentence was activated in 1996 upon revocation of probation. *See State of North Carolina v. Baham*, No. 94CRS9065 (Forsyth County Superior Court). The other predicate felony conviction was for possession of a firearm in furtherance of a drug trafficking crime imposed in 2005 in this federal court, for which a 10-year sentence was imposed. *See United States v. Baham*, No. 7:03-CR-84-1-FL. It was from incarceration for this 2005 federal conviction that Baham escaped and earned the sentence imposed in the instant case. Both these predicate convictions were, and still are after *Simmons*, qualifying "felonies" as that term is used in defining career offender status under the advisory USSG.[3]

Baham's career offender status was used in calculating his advisory USSG range in this case by applying USSG § 4B1.1 to his base offense level of 13, resulting in an *offense level* of 17. Two levels were subtracted pursuant to USSG § 3E1.1(a) for Baham's acceptance of responsibility, yielding a *total offense level of 15*. *See* PSR ¶ 37-45. Baham's criminal history

---

[2] The copy of "page 12 of 14" that Baham attached to his motions for relief apparently is from a preliminary PSR, as it references convictions in "paragraphs 7 and 11," does not subtract two points for acceptance of responsibility, and shows a total offense level of 17. The final PSR contained a different calculation based on different paragraph numbers.

[3] Furthermore, the January 24, 2012, letter from his former appointed counsel correctly identified the two predicate convictions: the state common law robbery conviction for which he received a 10-year sentence; and "your federal conviction," which is contained in paragraph 14 of the *final* PSR, for which he was sentenced to another 10 year term of imprisonment by this court on his plea of guilty to possession of a firearm in furtherance of a drug trafficking crime.

2

category of VI resulted from his countable prior convictions, totaling 15 criminal history points. The fact that he also properly was classified as a career offender under USSG § 4B1.1, *had no impact at all* on his criminal history category of VI. *See* PSR ¶¶ 16-18.

Despite his attorney's argument against imposing an upward variance, the undersigned determined that Offense Level VI under-represented the seriousness of Baham's criminal history and the likelihood that he would commit future crimes. The transcript of Baham's re-sentencing hearing reflects in great detail the court's rationale for its upward variance to reach the 60-month sentence imposed. *See* [DE-47].

That sentence was imposed, on remand from the Fourth Circuit Court of Appeals, on May 16, 2007, and it was affirmed on appeal by unpublished order [DE-49]. *See United States v. Baham*, No. 07-4514 (4th Cir. Dec. 11, 2007). For the reasons set forth above, however, even if the instant motion had been timely filed pursuant to § 2255, Baham is entitled to no relief because *Simmons* does not affect the legal and factual predicates for Baham's career offender characterization and his sentence imposed in this case. Baham's Motion to Vacate [DE-60] is DENIED and this action is DISMISSED. The Clerk of Court is DIRECTED also to terminate the motions at [DE-53] and [DE-57].

SO ORDERED.

This, the 9th day of May, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge